**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ANTHONY L. COOPER,**

    Petitioner,

v.                                  Case No. 3:16cv485-LC/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION**

On or about September 14, 2016, Petitioner Anthony L. Cooper, filed a document styled in the Florida Second District Court of Appeal but titled as a "Petition for § 2254 - § 2255 – Habeas Corpus Relief as to be either Entertained as Petition for Certiorari Relief."  ECF No. 1 at 1.  He submitted, also styled in the Second District Court of Appeal, a "Motion to Transfer – Case to Proper Appeal U.S. District Courthouse."  Id. at 2.  He has also submitted, styled as "Division Federal Courthouse F.B.I.," a "Petition for Writ of § 2255 - § 2254 – Habeas Corpus Relief to be Entertained as in Alternative Certiorari."  ECF No. 1 at 5.  In this document, he appears to raise grounds challenging a state court conviction.  Id. at 5-8.  The Second District Court of Appeal forwarded the

documents to this Court, with a cover letter dated September 21, 2016.   *Id.* at 88.

By order dated October 3, 2016, this Court indicated that it appears Petitioner Cooper is currently a patient at the Florida State Hospital in Chattahoochee, Florida.   ECF No. 3.   The Court directed that if he wished to proceed with a petition for habeas corpus pursuant to 28 U.S.C. § 2254, he needed to submit his petition on the proper forms and also submit a motion to proceed in forma pauperis (IFP).   *Id.*   In compliance with that order, Petitioner Cooper has now submitted an amended § 2254 petition, ECF No. 4, and an IFP motion. ECF No. 5.   He has also submitted a Motion to Appoint Counsel.   ECF No. 6.

Petitioner indicates on his amended § 2254 petition that he is challenging a judgment from the Fourth Judicial Circuit Court, Duval County, in Jacksonville, Florida, which is located in the Middle District of Florida.   ECF No. 4*; see* 28 U.S.C. § 89(b).   As relief, Petitioner seeks an order of release.   ECF No. 4 at 11.

Jurisdiction is appropriate in the district of confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in

district where he is incarcerated).   In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.   *Id.*; M.D. Fla. R. 1.02(b)(1).   See Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, any pending motions, and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>   If a party fails to object to the magistrate**

**judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**